IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED

FEB 11 2009

WILLIAM B. GUTHRIE
Clerk, U.S. District Court

By_____
Deputy Clerk

STEVEN O. TITSWORTH, )
)
Petitioner, )
)
v. ) Case No. CIV 08-032-RAW-KEW
)
MIKE MULLIN, Warden, )
)
Respondent. )

## OPINION AND ORDER

This matter is before the court on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Jess Dunn Correctional Center in Taft, Oklahoma, challenges his conviction in Muskogee County District Court Case No. CF-2004-157 for Unlawful Possession of a Controlled Dangerous Substance (Cocaine), After Former Conviction of Two or More Felonies, and Petit Larceny, After Former Conviction of Petit Larceny. He alleges the sentences imposed in this case are excessive under the law, because they were enhanced with invalid prior convictions.

The respondent has filed a motion to dismiss, alleging petitioner has failed to exhaust his state court remedies, as required by 28 U.S.C. § 2254(b). The record shows that petitioner filed a direct appeal of his conviction, raising five grounds for relief: (1) jurisdiction of the offence of larceny of merchandise from a retailer was not established at trial; (2) an evidentiary harpoon prevented petitioner from receiving a fair trial; (3) the evidence was insufficient to sustain petitioner's conviction of Possession of a Controlled Dangerous Substance; (4) ineffective assistance of trial counsel; and (5) cumulative error.

The direct appeal did not raise the alleged invalidity of petitioner's prior convictions that were used to enhance his sentences. The Oklahoma Court of Criminal Appeals (OCCA) denied relief on all claims raised in the appeal. *Titsworth v. State*, No. F-2004-1208 (Okla. Crim. App. May 26, 2006).

Petitioner also filed post-conviction pleadings in the Muskogee County District Court on September 9, 2005, and April 12, 2006. He filed numerous mandamus actions concerning his post-conviction proceedings, all of which were denied by the OCCA, as well as a state habeas corpus petition which also was denied.

On January 8, 2007, the state district court denied petitioner's application for post-conviction relief. On May 7, 2007, he filed a request for an out-of-time appeal with the state district court. He alleged he could not perfect a timely appeal, because delays at his DOC facility prevented him from filing a timely affidavit to proceed *in forma pauperis*. Petitioner's request to appeal out of time was denied on November 30, 2007. On appeal the OCCA granted petitioner leave to commence a post-conviction appeal out of time, finding the district court was incorrect in determining petitioner was not denied a post-conviction appeal through no fault of his own. *Titsworth v. State*, No. PC-2007-1228 (Okla. Crim. App. Feb 28, 2008). The OCCA, however, subsequently affirmed the denial of petitioner's post-conviction application, finding the district court should have dismissed the application as premature, because his direct appeal was pending at the time the application was filed. *Titsworth v. State*, No. PC-2008-272 (Okla. Crim. App. June 2, 2008).

According to the Oklahoma State Courts Network, www.oscn.net, petitioner filed another post-conviction application in Case No. CF-2004-157 on June 30, 2008, which was denied on January 9, 2009. His post-conviction appeal, filed on January 30, 2009, is pending

2

with the OCCA in Case No. PC-2009-85.

On March 4, 2008, the respondent filed a motion to dismiss this petition for petitioner's failure to exhaust the state court remedies for his sentence enhancement claim. The motion was premised on the OCCA's permission for petitioner to file an appeal of the state district court's denial of the issues raised in the first post-conviction application, and the assumption that "the OCCA [would] soon be given its first opportunity to address Petitioner's claim" [Docket #9 at 6]. On June 2, 2008, however, the OCCA determined that petitioner's post-conviction application was premature, so petitioner filed a new post-conviction application in the state district court on June 30, 2008.

Petitioner has asked the court for permission to amend his petition to include additional grounds for relief [Docket #11], and he also has asked to "withdraw" his petition and to amend and refile the petition after he has exhausted his claims [Docket #12, 13, and 14]. Because petitioner has failed to file a proposed amended petition with his motion to amend, as required by Local Civil Rule 9.2 (c), the court cannot determine whether his amended petition would be "mixed" with exhausted and unexhausted claims. His original petition clearly is unexhausted, but dismissal of the petition until the claim is exhausted could result in its being barred by the statute of limitations when refiled. *See* 28 U.S.C. § 2244(d).

**ACCORDINGLY,** petitioner is directed to file an amended petition for a writ of habeas corpus within twenty (20) days, so the exhaustion status of his claims can be determined. The Court Clerk is directed to send petitioner the court's form and instructions for filing an amended petition. The respondent's motion to dismiss [Docket #8] is DENIED, with leave to re-urge, if appropriate, after petitioner files his amended petition. All other pending motions also are DENIED.

3

IT IS SO ORDERED this 11th day of February 2009.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE