# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

STEVEN O. TITSWORTH, )
)
                 Petitioner, )
)
v. ) No. CIV 08-032-RAW-KEW
)
MIKE MULLIN, )
)
                 Respondent. )

## OPINION AND ORDER

Petitioner has filed a motion for temporary order or injunction to prohibit his transfer to another Department of Corrections facility outside the Eastern District of Oklahoma [Docket #25]. He alleges a Unit Case Manager forced him to sign a transfer packet to move petitioner to a lower security facility. Petitioner does not want to move to another facility, however, because he has legal matters pending in this court and in the Muskogee County District Court. He is concerned that he will not have access to a law library at a lower security facility.

It is well settled that there is no constitutional right to incarceration in a particular correctional facility. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Furthermore, there are no state laws or prison regulations creating either a right or an expectation for a prisoner to remain in a particular prison or classification to which he has been assigned, and no due process hearing is required in conjunction with a transfer to a different facility. *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Meachum v. Fano*, 427 U.S. 215 (1976). Such transfers are within the discretion of the corrections officials. *Twyman v. Crisp*, 584 F.2d

352, 355-357 (10th Cir. 1978). Regarding the possibility that petitioner will not have access to a law library, that issue is not proper for this habeas corpus action.

**ACCORDINGLY,** petitioner's motion to prohibit his transfer to another facility [Docket #25] is DENIED.

**IT IS SO ORDERED** this 25th day of January 2009.

**Dated this 25th Day of January 2010.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

j4h4i0