# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED
OCT 4 2010
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____ Deputy Clerk

| | |
|---|---|
| STEVEN ORLANDO TITSWORTH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV 08-032-RAW-KEW |
| ) | |
| MIKE MULLIN, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the court on petitioner's amended petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Jess Dunn Correctional Center in Taft, Oklahoma, attacks his conviction in Muskogee County District Court Case Number CF-2004-157 for Possession of a Controlled Substance (Cocaine), After Former Conviction of Two or More Felonies (Count 1), and Larceny of Merchandise from a Retailer, a second offense (Count 2).

The amended petition raised only a claim that his sentences are excessive, but it also references other grounds pending in the state appellate court [Docket #16 at 10]. Construing his pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), the court will consider all the claims:

  I.   The sentences are excessive and outside the legal range of punishment required by statute.

  II.  Ineffective Assistance of trial and appellate counsel.

  III. Possession of a Controlled Substance, Count 1, was illegally enhanced.

  IV.  Warrantless arrest.

V.   The jury was improperly instructed on the incorrect range of punishment.

The respondent asserts petitioner has not exhausted his state court remedies for all his claims, but the court can deny the petition on the merits, notwithstanding petitioner's failure to exhaust his state court remedies. 28 U.S.C. § 2254(b)(2). The respondent has submitted the following records to the court for consideration:

A. Order Remanding for Modification of Sentence and Affirming Denial of All Other Post-Conviction Relief. *Titsworth v. State*, No. PC-2009-85 (Okla. Crim. App. May 20, 2009).

B. Corrected Summary Opinion. *Titsworth v. State*, No. F-2004-1208 (Okla. Crim. App. May 26, 2006).

C. Petitioner's direct appeal brief.

D. The State's brief in petitioner's direct appeal.

E. Information in Muskogee County District Court Case NO. CF-2004-157.

F. Transcript of petitioner's preliminary hearing in Case No. CF-2004-157.

G. Transcript of petitioner's jury trial.

H. Petition in error appealing the denial of petitioner's post-conviction application.

I. Order Declining to Assume Original Jurisdiction and Dismissing Petition for Writ of Mandamus. *Titsworth v. Dist. Judge Norman of Muskogee County*, No. MA-2008-743 (Okla. Crim. App. Sept. 23, 2008).

J. Original Record in Case No. CF-2004-157.

K. Jury instructions in Case No. CF-2004-157.

2

L.  Transcript of petitioner's sentencing in Case No. CF-2004-157.

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> As to the "unreasonable application" standard, . . . only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254. . . . [A] decision is "objectively unreasonable" when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law. It is not enough that the decision is clearly wrong or that the reviewing court would have reached a contrary decision. . . . [T]he state court decision must be at such tension with governing U.S. Supreme Court precedents, or so inadequately supported by the record, or so arbitrary as to be unreasonable.

*Sandoval v. Ulibarri*, 548 F.3d 902, 908 (10th Cir. 2008) (quoting *Maynard v. Boone*, 468 F.3d 665, 671 (10th Cir. 2006)), *cert. denied*, 549 U.S. 1285 (2007).

**Ground I: Excessive Sentences**

*Possession of Cocaine*

Petitioner alleges his sentence for Possession of Cocaine was improperly enhanced by two invalid prior convictions and two misdemeanors by the application of Okla. Stat. tit. 21, § 51.1. He claims the prior convictions in CRF-84-51, Robbery with a Firearm, and

3

CRF-93-757, Unauthorized Use of a Motor Vehicle, were vacated and set aside on March 31, 2000. He also asserts the Judgments and Sentences in CF-93-978, Larceny of Merchandise from a Retailer, and CF-93-1017, Attempted Grand Larceny, were modified to one year in the county jail and were not crimes punishable by imprisonment in the state penitentiary, so they could not be used to enhance his sentence for cocaine possession.

The respondent asserts petitioner has failed to allege a violation of federal law, and he is not entitled to a federal writ of habeas corpus for alleged errors of state law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1995) (per curium)).

The respondent further alleges petitioner cannot establish a due process violation, because even if his prior convictions in CRF-84-51 and CRF-91-757 were vacated, he still had three prior felony convictions. Section 51.1(C) requires only two prior felony convictions to increase the range of punishment.

The Oklahoma Court of Criminal Appeals considered this claim and denied relief in its Order Remanding for Modification of Sentence and Affirming Denial of All Other Post-Conviction Relief:

> ... Petitioner attempted to demonstrate that two of his prior convictions (the Larceny of Merchandise from Retailer in CRF-93-978 and the Attempted Grand Larceny in CRF-93-1017) were only misdemeanors, and therefore they could not be used to enhance his Count I conviction for cocaine possession. As proof of his assertion that these two prior convictions were misdemeanors rather than felonies, Petitioner offered evidence that his sentences in those

4

cases were both modified in post-conviction proceedings to one-year terms.

Petitioner incorrectly assumes that the length of sentence imposed will determine whether a conviction is a felony or a misdemeanor. If the statute defining an offense or setting forth its penalty does not itself state whether the crime is a misdemeanor or a felony, the crime is considered a felony if it "is a crime which is, or may be, punishable with death, or by imprisonment in the penitentiary. Okla. Stat. tit. 21, § 5. Thus under Section 5, whenever the crime is punishable by imprisonment in the penitentiary, the offense is considered a felony regardless of the length of punishment. Consequently, contrary to Petitioner's assumption, the length of the sentences he received in CRF-93-978 and CRF-93-1017 have nothing to do with whether his convictions in those two case numbers were for the commission of felonies or misdemeanors.

Petitioner also offers a second theory for challenging the validity of these two prior convictions and challenges two more prior convictions under that same theory, those being the Robbery with a Firearm in CRF-84-51 and the Unauthorized Use of a Motor Vehicle in CRF-93-757. Under this theory, Petitioner's [sic] contends that none of these four priors were available to be used for enhancement because, he alleges, all four were previously vacated on March 31, 2000, in post-conviction proceedings. As proof for this assertion, Petitioner attached to his post-conviction application a Court Minute by the Honorable Mike Norman, District Judge. (O.R. 172).

Styled under all four of the above case numbers, Judge Norman's March 31, 2000, Court Minute demonstrates that on that date, the District Court granted Petitioner post-conviction relief in one or more of the four cases. The Minute accords Petitioner post-conviction relief by granting a "Motion to set aside plea" (O.R. 172), but the Minute is not of sufficient clarity to determine whether such relief was being granted in all four cases. What is clear from the Court Minute, however, is that Judge Norman was not dismissing at that time any of Petitioner's cases.

Although dismissal may have subsequently occurred, this Court Minute does not prove as much, and this Minute was the only proof that Petitioner presented in his attempt to demonstrate that these four prior convictions were vacated and that no subsequent convictions were entered. Consequently, even if this Court were to construe the Minute as Petitioner suggests as an order vacating his convictions in all four cases, such a construction does not establish that Petitioner was not later prosecuted and convicted in those same

5

four cases prior to his February 23, 2004, commission of the offenses now before us. For this reason, Petitioner again fails to show any error in the District Court's refusing to find these prior convictions were unavailable for enhancement.

*Titsworth v. State*, No. PC-2009-85, slip op. at 4-6 (Okla. Crim. App. May 20, 2009) (footnote omitted).

After careful review, the court finds petitioner's claim in Ground I is not cognizable in this habeas corpus action, because it concerns an issue of state law. The court further finds that the OCCA's determination of the issue on the merits was not inconsistent with federal law. *See* 28 U.S.C. § 2254(d). This ground for habeas relief is meritless.

### *Larceny of Merchandise from a Retailer*

Petitioner next claims his five-year sentence for Count 2 was excessive, because the crime was punishable by imprisonment in the county jail for no more than one year. In petitioner's post-conviction appeal, the OCCA found merit in the claim that his sentence for Larceny of Merchandise was unlawful.

> The post-conviction appeal record clearly demonstrates Petitioner's jury was charged with determining if Petitioner committed the misdemeanor offense of "Larceny of Merchandise from Retailer," and on that charge, it returned a verdict finding Petitioner guilty of that specific offense. The record further reveals that Petitioner had only one prior offense of Larceny of Merchandise from a Retailer. At the time of Petitioner's theft of $59.00 of merchandise from Dillard's, the punishment established by law for a second conviction of Larceny of Merchandise from a Retailer under $500.00 was "confinement in the county jail for a term of not less than thirty (30) days nor more than one(1) year, and by a fine not exceeding One Thousand Dollars ($1,000.00)." Okla. Stat. tit. 21, § 1731(2). ...
>
> **IT IS THEREFORE THE ORDER OF THE COURT** that Muskogee County District Curt Case No. CF-2004-157 is **REMANDED FOR MODIFICATION OF SENTENCE** on Count 2 to a term of one (1) year confinement in the county jail. ...

6

*Titsworth*, No. PC-2009-85, slip op. at 9-10 (emphasis in original) (footnote omitted).

"[T]he Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime." *Ewing v. California*, 538 U.S. 11, 21 (2003) (quoting *Rummel v. Estelle*, 445 U.S. 263, 271 (1980)). This is not that case here. Petitioner's modified sentence clearly does not exceed the statutory maximum punishment, so the OCCA's decision was not an unreasonable application of applicable federal law. This ground for habeas relief also fails.

**Ground II: Ineffective Assistance of Trial and Appellate Counsel**

Petitioner alleges his trial counsel was ineffective, and his appellate counsel also was ineffective in failing to raise trial counsel's alleged errors. Petitioner presented the following claims in his post-conviction application:

> 1. Trial counsel failed to file any pretrial motions to suppress the larceny evidence as being illegally obtained, and the drug evidence being insufficient regarding the results. The lab technician testified that the first test was inconclusive, and the second test found a trace of cocaine, but trial counsel failed to argue for another test that would have tested negative.
>
> 2. Trial counsel deliberately withheld from the jury and failed to raise the strongest available evidence regarding the female vehicle owner's statement to Officer Teehee. She said petitioner was only driving the car to fix the brakes, and she knew nothing about the clothing, but she did not deny knowledge of the drugs.
>
> 3. Trial counsel failed to conduct any investigation to present a valid defense or to adequately cross-examine the State's witnesses.
>
> 4. During sentencing trial counsel failed to show that petitioner's prior convictions were invalid and that petitioner had been found guilty of Larceny of Merchandise from a Retailer, not Petit Larceny.

In its order affirming the denial of post-conviction relief, the OCCA found petitioner

7

had failed to prove his claims for ineffective assistance of trial and appellate counsel:

> . . . Petitioner claims his trial counsel provided him with ineffective assistance. Additionally, Petitioner claims his appellate counsel on direct appeal, although raising a claim of ineffective assistance of trial counsel, did so "inadequately [by] only raising one alleged error by trial counsel." Judge Alford found that Petitioner had not shown his appellate counsel to be ineffective. Because Petitioner did not present his appellate counsel's brief to the District Court, he never proved what trial-counsel-ineffectiveness arguments were made by his appellate counsel; hence, he never proved any of the alleged deficiencies in his appellate counsel's performance. Petitioner therefore cannot show the District Court erred in denying his claim of ineffective assistance of appellate counsel. Additionally, Petitioner's lack of proof as to what trial-counsel-ineffectiveness arguments were made on appeal prevents him from demonstrating that his current post-conviction claims of trial counsel ineffectiveness are not procedurally barred due to the doctrines of res judicata or waiver.

*Titsworth*, No. PC-2009-85, slip op. at 7 (citations and footnotes omitted).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth the two-part test for determining the validity of a habeas petitioner's claim of ineffective assistance of counsel. The test requires a showing that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Id.* at 687. The *Strickland* test also applies to appellate counsel. *Evitt v. Lucey*, 469 U.S. 387, 393-400 (1985).

Petitioner claims trial counsel was ineffective in failing to challenge his warrantless arrest. He was arrested by Johnny Teehee, the Deputy Chief of the Muskogee County Police Department, who was working as a loss prevention officer at Dillard's. (Tr. 98-99). Shortly before the store closed, Teehee saw petitioner enter the store wearing a blue jacket, and Teehee observed petitioner looking around to locate the store employees. ( Tr. 99-100). Petitioner walked around the aisles where sheets were displayed, and when he came around

8

one of the aisles, he had a large hump under his coat that was not there when he entered the store. (Tr. 100-01).

Teehee watched petitioner leave the store and get into the only vehicle in that part of the parking lot. (Tr. 101). Teehee got into his car and called for police backup. (Tr. 102). After following petitioner for four or five blocks, Teehee pulled him over and asked for his license and insurance. (Tr. 102-03). Petitioner said he did not have his license with him. (Tr. 103). Teehee shined his flashlight on the back seat of the car and saw a set of sheets partially covered by the blue jacket petitioner had worn into the store. (Tr. 103). The sheets were a brand carried by Dillard's and had Dillard's markings and stickers. (Tr. 103). Teehee identified the sheets as having come form the Dillard's store in Muskogee. (Tr. 105). The sheets had no proof of purchase sticker that Dillard's places on each item purchased in the store. (Tr. 113-14). A sales transaction cannot be completed at Dillard's until the proof of purchase sticker is scanned. (Tr. 115).

The record shows that petitioner committed two public offenses in the presence of Deputy Chief Teehee, larceny of merchandise from a retailer and driving without a license. *See* Okla. Stat. tit. 21, § 1731; Okla. Stat. tit. 47, § 6-112. Under Oklahoma law, a peace officer may make a warrantless arrest for a public offense that is committed in the officer's presence. Okla. Stat. tit. 22, § 196.

Petitioner challenges Teehee's credibility, because at the preliminary hearing, he could not identify precisely where the sheets were within petitioner's jacket. (P.H. Tr. 18). Petitioner also claims Teehee made inconsistent statements regarding Teehee's location when petitioner left the store. On direct examination Teehee testified he stood inside the store when petitioner walked out of the store. (P.H. Tr. 9). On cross-examination Teehee testified

9

he was standing close to the door, but did not think he opened it for petitioner, "because I was already in that outside, probably 20 feet from that door, area when he was headed toward the door." (P.H. Tr. 17-18). Teehee also agreed that he walked past petitioner as petitioner was leaving. (P.H. Tr. 18).

Here, the court agrees with the respondent that Deputy Chief Teehee's testimony was not inconsistent. He did not testify that he was outside, but that he was in some outside area. The respondent points out that Teehee could have meant he was outside a particular department in the store, or in the area between two sets of doors. While Teehee's statements are unclear, the statements do not establish inconsistency in his testimony. Regarding Teehee's testimony that he walked past petitioner, Teehee's response to counsel's ambiguous question could have meant that he walked past petitioner as petitioner walked toward the door to exit the store.

The court finds petitioner has failed to show that Deputy Chief Teehee lacked credibility in his testimony. The Dillard's sheets were found without a proof of purchase label in the car petitioner was driving, and the sheets were partially covered by the jacket petitioner wore into the store. Any motion to suppress by trial counsel would have been denied, so petitioner cannot show he was prejudiced by trial counsel's failure to file a motion to suppress.

Petitioner also alleges his trial counsel was ineffective in failing to present evidence that the passenger in the car, who also was the car's owner, told Deputy Chief Teehee that petitioner was driving the car only to test the brakes. Teehee testified at the preliminary hearing that the car's owner made that statement. (Tr. 16). Although counsel did not elicit that exact statement from Teehee at trial, Teehee testified on both direct and cross-

10

examination that the passenger owned the car. (Tr. 107-08). The court finds the car's ownership and petitioner's alleged purpose in driving it were irrelevant to the larceny charge, because it was established that petitioner carried the sheets out of the store.

Regarding the charge of cocaine possession, the pipe containing the cocaine was located on the floorboard of the driver's side of the car. (Tr. 119). The pipe was in a position such that it would have been right between petitioner's legs as he drove the car. (Tr. 121). On direct appeal the OCCA found the evidence presented at trial was sufficient to establish his guilt. *Titsworth v. State*, No. F-2004-1208, slip op. at 3 (Okla. Crim. App. May 26, 2006). The court finds there is no reasonable probability that the outcome of the trial would have been different, if evidence that the car's owner said petitioner was driving the car to test the brakes had been presented, or if additional testing had been conducted on the pipe.

Petitioner next contends his trial attorney was ineffective in failing to call store associates from Dillard's to testify that petitioner was not wearing a jacket in the store, and he did not steal any items. Petitioner has not specified which individuals should have been called to testify or that they would have testified as he claims. Deputy Chief Teehee's testimony was corroborated by the presence of the jacket on the sheets, which was observed by two other officers. (Tr. 130, 134). The court finds petitioner has not discredited Teehee's testimony or shown the outcome of the trial would have been changed by the testimony of unnamed Dillard's employees.

Petitioner also asserts trial counsel was ineffective in failing to challenge the validity of his prior convictions. As set forth above in Count I, however, there is no reasonable probability that petitioner's sentences would have been different, if counsel had challenged

11

those convictions. This claim meritless.

To the extent that petitioner is claiming his appellate counsel was ineffective in failing to raise the above ineffective assistance of trial counsel claims, failure to raise a meritless claim on appeal does not constitute ineffective assistance of appellate counsel. *Miller v. Mullin*, 354 F.3d 1288, 1298 (10th Cir. 2004), *cert. denied*, 543 U.S. 1154 (2005). Therefore, petitioner's claim of ineffective assistance of appellate counsel fails.

**Ground III: Enhancement of Punishment for Cocaine Possession**

Petitioner claims his sentence wrongfully was enhanced under the habitual offender statute, because the State filed an Amended Information that did not reference his prior felony convictions. The OCCA denied relief on the claim:

> Petitioner argued that because the State's Amended Information made no reference to Petitioner's prior convictions, he could not be tried as a habitual offender. The District Court found that because "Petitioner was bound over for trial at preliminary hearing on both pages of the Information," no error occurred. ...
>
> Nothing within the State's Amended Information indicated an intent to change or abandon the Supplemental Information that the State had previously filed and had listed all of Petitioner's prior convictions. Moreover, Petitioner cites no relevant authority holding that the filing of an amended information automatically supersedes a previous supplemental information that has been neither withdrawn nor stricken and that in all other respects properly notifies a defendant of all the prior convictions to be offered for enhancement if he is convicted. Lastly, we note that the preliminary hearing magistrate bound Petitioner over for trial on the Amended Information only after Petitioner announced that he "stipulates to second page." (O.R. at Clerk's Docket entry of May 24, 2004.) It is therefore apparent that the Supplemental Information was a part of the pleadings upon which the parties and the District Court proceeded to trial, and Petitioner has shown no defect in the use of his prior convictions that would allow him post-conviction relief.

*Titsworth*, No. PC-2009-85, slip op. 6.

12

Due process requires the State to give reasonable notice and an opportunity to be heard before relying on prior convictions to enhance punishment. *Oyler v. Boles*, 368 U.S. 448, 452 (1962). As set forth above by the OCCA, petitioner received such notice. The court finds the determination of the is claim by the OCCA was consistent with federal law, so this ground for habeas corpus relief fails.

**Ground IV: Warrantless Arrest**

Petitioner alleges his arrest was unlawful. The OCCA found this claim had been waived by petitioner's failure to raise the issue on direct appeal. *Titsworth*, No. PC-2009-85, slip op. 7-8. The respondent asserts the claim now is procedurally barred in this habeas action.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The OCCA denied relief for petitioner's failure to comply with procedural rules. This is an independent and adequate state ground that bars federal habeas review. *See id.*

"'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.* at 753 (emphasis in original). With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States*

13

*v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). The court finds that application of the procedural bar by the Court of Criminal Appeals was based on state procedural rules, and petitioner has not met the requirements of a showing of cause and prejudice.

Petitioner claims his cause for failing to raise a claim of unlawful arrest on appeal was the ineffectiveness of his appellate counsel. He, however, did not raise this issue in his post-conviction application. His claim for "cause" for procedural default of his underlying claim is itself an independent constitutional claim that must be exhausted. *See Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000); *Johnson v. Gibson*, 254 F.3d 1155, 1159 (10th Cir. 2001). If petitioner were to return to state court to exhaust this new ineffective assistance of appellate counsel claim, the claim would be barred. *See* Okla. Stat. tit. 22, § 1086 (all grounds not previously raised may not be the basis for a subsequent application for post-conviction relief). Having failed to demonstrate cause for his procedural default, the issue of prejudice need not be addressed. *See Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993). Therefore, the court finds this claim is procedurally barred.

The court further finds that petitioner has failed to demonstrate that application of the procedural bar will result in a fundamental miscarriage of justice. The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). The Tenth Circuit has explained this "very narrow exception" as follows:

> [T]he petitioner must supplement his habeas claim with a colorable showing of factual innocence. Such a showing does not in itself entitle the petitioner to relief but instead serves as a "'gateway'" that then entitles the petitioner to

14

>consideration of the merits of his claims. In this context, factual innocence means that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

*Demarest v. Price*, 130 F.3d 922, 941-942 (10th Cir. 1997) (internal quotations omitted). Petitioner has not made a colorable showing of factual innocence, so relief cannot be granted. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993); *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). Ground IV of the petition fails.

**Ground V: Jury Instructions**

Petitioner claims in Ground V that the jury instructions on the range of punishment were incorrect. The OCCA denied relief in petitioner's post-conviction application, holding that "[t]o the extent that Petitioner's arguments concern errors within the jury instructions given at his trial, . . . we find such claims are all procedurally barred from being raised through post-conviction, as all such claims were waived when Petitioner failed to raise those issues on direct appeal. *Titsworth*, No. PC-2009-85, slip op. at 8 (footnote omitted).

As discussed above, claims that are defaulted in state court on adequate and independent state procedural grounds will not be considered by a habeas court, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice. *Smith v. Mullin*, 379 F.3d 919, 925 (10th Cir. 2004); *McCracken v. Gibson*, 268 F.3d 970, 976 (10th Cir. 2001). The Tenth Circuit repeatedly has found Oklahoma's bar of claims not raised on direct appeal, or an initial application for post-conviction relief, to be independent and adequate with respect to claims other than ineffective assistance of counsel. *See Cannon v. Gibson*, 259 F.3d 1253, 1269 (10th Cir. 2001), *cert. denied*, 535 U.S. 1080 (2002); *Hale v. Gibson*, F.3d 1298, 1330 (10th Cir. 2000), *cert. denied*, 533 U.S. 957 (2001); *Thomas v.*

15

*Gibson*, 218 F.3d 1213, 1221-22 (10th Cir. 2000). Because petitioner has not established cause and prejudice, or a fundamental miscarriage of justice, this claim is barred.

**Additional Claims**

On January 19, 2010, petitioner submitted a letter to the district judge, which the court construed as a notice to the court, alleging that additional unexhausted claims "arose" after the OCCA ruled on his post-conviction appeal [Docket #26]. The three new issues are:

1. I was denied the right to have the jury that convicted me set my punishment.

2. The one-year sentence is not in compliance with the verdict by the jury.

3. I was denied the right to examine the evidence through another test

In response to the court's order, the respondent has filed a response to the notice of additional claims. The respondent asserts the claims were from petitioner's most recent post-conviction application, filed in June 2009. According to the respondent, the claims are unexhausted, making this a mixed petition.

A district court has two options when faced with a "mixed" petition containing both exhausted and unexhausted claims. One option is to require the petitioner to exhaust all his claims in state court before bringing the petition. *See Rose*, 455 U.S. at 510) (instructing a district court to dismiss without prejudice and allow the petitioner to refile once the claims are exhausted); *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding that if a court is concerned about the prisoner's meeting AEDPA's one-year filing requirement, and if "there was good cause for the petitioner's failure to exhaust his claims first in state court," the court can decline to dismiss the matter and issue a stay and abeyance of the petition, while the petitioner exhausts his state court remedies). The second option is to deny the entire petition

on the merits, notwithstanding failure to exhaust, if the court is convinced the unexhausted claim is without merit, or that the issue is easily resolvable against the petitioner. *See* 28 U.S.C. § 2254(b)(2).

Because these claims are unexhausted, they are subject to an anticipatory procedural bar, because any attempt to present the claims in state court in another post-conviction application would be procedurally barred under state law. *See Cummings v. Sirmons*, 506 F.3d 1211, 1222-23 (10th Cir. 2007), *cert. denied*, ___ U.S. ___, 128 S.Ct. 2943 (2008) (explaining anticipatory procedural bar); *see also* Okla. Stat. tit. 22, § 1086.

Petitioner asserts he submitted his claim about independent testing of the cocaine in his first post-conviction application, but the state district court failed to address it and the OCCA, therefore, did not consider it in his post-conviction appeal. The order denying post-conviction relief, however, indicates petitioner submitted the claim to the state district court *after* the final post-conviction order had been entered. *Titsworth*, No. PC-2009-85 at 8. He claims he "inadvertently forgot" to include the independent testing claim in his amended federal habeas corpus petition [Docket #31 at 3].

Petitioner has set forth no explanation for his failure to exhaust these additional claims in the state courts prior to bringing them to this court. Therefore, the court finds he has not shown cause and prejudice for the default, and as discussed above, he has presented no evidence of his actual innocence. Petitioner's three additional claims are procedurally barred.

**ACCORDINGLY**, petitioner's amended petition for a writ of habeas corpus is DENIED, and this action is, in all respects, dismissed.

**IT IS SO ORDERED** this 4th day of October 2010.

*Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**