# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| STEVEN ORLANDO TITSWORTH, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) Case No. CIV 08-032-RAW-KEW |
| MIKE MULLIN, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

On February 7, 2011, the Tenth Circuit Court of Appeals denied petitioner's request for a certificate of appealability and dismissed his appeal of this court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Titsworth v. Mullin*, No. 10-7078 (10th Cir. Feb. 7, 2011) [Docket No. 56]. On March 24, 2001, petitioner submitted to this court a motion for relief pursuant to Rule 60(b) that was returned to petitioner unfiled, because it was captioned for the Tenth Circuit and concerned his appeal [Docket No. 61 at 5]. Petitioner then sent the motion to the Tenth Circuit, but the Circuit's Deputy Court Clerk returned it to petitioner on March 31, 2011, advising that the appeal had ended, Rule 60(b) did not apply to circuit courts, and the period for a rehearing had passed [Docket No. 61 at 6]. On April 19, 2011, the District Court Clerk responded to a letter from petitioner by advising him that his Rule 60(b) motion must have the correct caption, an original signature, and a certificate of service to the opposing party [Docket No. 61 at 7]. Petitioner did not correct the caption, but the Rule 60(b) motion was filed on May 5, 2011 [Docket No. 59]. On that same date, this court struck the Rule 60(b) motion, because it was merely a copy of the motion petitioner had attempted to file in the Tenth Circuit, and the Tenth Circuit Court Clerk had advised

petitioner that his appeal had ended [Docket No. 60]. Although the Rule 60(b) motion asserts challenges to the Tenth Circuit's Order Denying Certificate of Appealability, as well as this court's dismissal of petitioner's habeas corpus petition, this court grants petitioner's motion to reconsider [Docket No. 61] and will consider the merits of his Rule 60(b) motion [Docket No. 59] that concern this court's decision.

Petitioner summarizes his Rule 60(b) motion with allegations that "the respondent perpetrated a fraud upon the court by submitting false and fraudulent document, the court made a substantive mistake of law in its order, newly discovered evidence, and the judgment has been satisfied absent the enhance [sic] sentence" [Docket No. 59 at 14].

Rule 60(b) allows relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> 
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> 
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> 
> (4) the judgment is void;
> 
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> 
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) relief 'is extraordinary and may only be granted in exceptional circumstances.'" *Zurich North America v. Matrix Service, Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir.

2000)).

Petitioner alleges in his Rule 60(b) motion that "the district court denied him due process . . . because the State court's findings was an unreasonable determination of the facts and law presented regarding the petitioner not carrying his burden of showing that his prior convictions were not qualifying felonies that could be used to enhance his sentence for Count 1, and that petitioner failed to allege a violation of federal law" [Docket No. 59 at 1-2]. He contends the district court made a substantive "mistake" of law in its determination that his Ground I claims of excessive sentences did not warrant habeas corpus relief [Docket No. 59 at 3]. He also asserts the district court "made a 'mistake'" in finding that his modified sentence for Larceny of Merchandise from a Retailer was not excessive [Docket No. 59 at 8-10].

Petitioner argues that because the State's Amended Information for Larceny of Merchandise from a Retailer failed to allege it was a second offense, his sentence should have been calculated as a first offense. The Court of Criminal Appeal found no merit in the claim:

> Nothing in the State's Amended Information indicated an intent to change or abandon the Supplemental Information that the State had previously filed and had listed all of Petitioner's prior convictions. Moreover, Petitioner cites no relevant authority holding that the filing of an amended information automatically supersedes a previous supplemental information that has been neither withdrawn nor stricken and that in all other respects properly notifies a defendant of all the prior convictions to be offered for enhancement if he is convicted. Lastly, we note that the preliminary hearing magistrate bound Petitioner over for trial on the Amended Information only after Petitioner announced that he "stipulates to second page." (O.R. at Clerk's Docket entry of May 24, 2004). It is therefore apparent that the Supplemental Information was a part of the pleadings upon which the parties and the District Court proceeded to trial, and Petitioner has shown no defect in the use of his prior

3

convictions that would allow him post-conviction relief.

*Titsworth v. State*, No. PC-2009-85, slip op. at 6 (Okla. Crim. App. May 20, 2009) [Docket No. 17 at 9].

A challenge to the adequacy of an Information under Oklahoma law is a question of state law, and the federal habeas court is "not empowered to correct all errors of state law." *Johnson v. Gibson*, 169 F.3d 1239, 1252 (10th Cir. 1999) (citing *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998)), *cert. denied*, 528 U.S. 972 (1999). "[W]e may grant habeas relief to a state prisoner only if state court error deprived him of fundamental rights guaranteed by the Constitution of the United States." *Jackson*, 143 F.3d at 1317 (citation and internal quotation omitted).

> An indictment [or charging information] need only meet minimal constitutional standards, and we determine the sufficiency of an [information] by practical rather than technical considerations. [A charging instrument] is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense.

*United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997) (internal citations omitted). *See also Hamling v. United States*, 418 U.S. 87, 117 (1974). Here, the court finds the Amended Information met the minimal constitutional standards.

Under Rule 60(b)(1), a court may relieve a party from a judgment based on "mistake," which can include situations where "the judge has made a substantive mistake of law or fact in the final judgment or order." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (citing *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996)). Here, the court finds petitioner has failed to support his claim of "mistake" with facts or authority sufficient to show he is entitled to relief under Rule 60(b)(1).

4

Petitioner also alleges he has "newly discovered evidence" about his claim of ineffective assistance of trial counsel that arose from his bar complaint against trial counsel [Docket No. 59 at 10]. He claims his trial attorney admitted he did not ask for additional testing of the drug evidence, because there was no remaining material for testing, and petitioner did not argue about the substance in the pipe [Docket No. 59 at 10]. Instead, counsel stated petitioner was contesting his possession of the pipe [Docket No. 59 at 10]. Petitioner further complains that trial counsel failed to present crucial evidence that when petitioner got into the car the night of the crime, petitioner was unaware that the pipe was on the floor of the driver's seat [Docket No. 59 at 11]. Other complaints about trial counsel include proof of the elements of Possession of a Controlled Substance and the validity of petitioner's prior convictions [Docket No. 59 at 12].

For newly discovered evidence to provide a basis for a new trial under Rule 60(b)(2), the moving party must show "(1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence [was] not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result." *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011) (quoting *Zurich*, 426 F.3d 1281 at 1290). Here, the court finds petitioner has failed to meet the essential requirement that the newly discovered evidence would result in a different result in a new trial, so there is no need to discuss the other elements.

The court thoroughly reviewed petitioner's claims of ineffective assistance of trial counsel in its order denying habeas relief [Docket No. 39 at 7-12]. After careful review, the court finds he has not presented any new evidence that probably would change the outcome

5

in a new trial, or that would result in a different habeas corpus determination under the analysis of *Strickland v. Washington*, 466 U.S. 668 (1984).

Petitioner's other claims concern alleged "mistake[s] or inadvertence" by the Tenth Circuit in denying a Certificate of Appealability and dismissing the appeal [Docket No. 59 at 3]. His Rule 60(b) motion lists additional alleged errors by the Tenth Circuit [Docket No. 59 at 4-7] and claims the appellate court "relied upon the fraud, misrepresentation and misconduct of the opposing party" [Docket 59 at 4]. This court cannot rule on alleged errors by the appellate court.

**ACCORDINGLY,** petitioner's motion for reconsideration of the order striking his motion for Rule 60(b) relief [Docket No. 61] is GRANTED, and his motion for relief pursuant to Fed. R. Civ. P. 60(b) [Docket No. 59] is DENIED.

**IT IS SO ORDERED** this 8th day of June 2011.

**Dated this 8th day of June, 2011.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma